**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

UNITED STATES OF AMERICA,

v.

REORN MARK JONES,
      Defendant.

No. 92-cr-0039-7 (VAB)

### <u>Ruling on Motion for Early Termination of Supervised Release</u>

Under 18 U.S.C. § 3583(e)(1), Defendant Reorn Mark Jones moves the Court for an early termination of his supervised release.  For the reasons that follow, his motion is GRANTED.

On August 31, 1993, after having been found guilty on four counts of drug-trafficking charges related to a continuing criminal enterprise in a trial before the Honorable Ellen Bree Burns, Senior United States District Judge, this Court sentenced Mr. Jones to 292 months of imprisonment, followed by a five-year term of supervised release.  Mr. Jones has been in compliance with all terms and conditions of his supervised release, which is scheduled to terminate in October 2018.

18 U.S.C. § 3583(e) governs modifications of the conditions of a term of supervised release.  Under this statute, a court must first consider "the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  These factors address "general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency."  *United States v. Lussier*, 104 F.3d 32, 35 (2d Cir.1997).  After considering those factors, the court may "terminate a term of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  In particular, "changed circumstances" may "render a previously imposed term or

condition of release either too harsh or inappropriately tailored to serve the general punishment

goals of section 3553(a)."  *Lussier*, 104 F.3d at 36.  "The decision whether to grant early

termination rests within the discretion of the district court."  *United States v. Harris*, 689 F.

Supp. 2d 692, 694 (S.D.N.Y. 2010) (citing *Lussier*, 104 F.3d at 36).

      The filings submitted in support of this motion, supplemented by the presentation at the

hearing held by this Court, as well as the responses to the inquiries by the Court, provide a basis

for granting the relief requested.

      First, the Court has considered the "the factors set forth in section 3553(a)(1), (a)(2)(B),

(a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)."  While the national United States Probation

Office policy for early termination generally requires completion of two-thirds of the term of

supervised release—and Mr. Jones has not reached that mark, having only completed slightly

more than half of his five-year supervised release term—the United States Probation Office

recognizes that Mr. Jones has made substantial strides and does not object to this particular

termination.  Likewise, while the United States takes no position on Mr. Jones' release, at the

hearing by this Court, the Government expressed admiration for the steps Mr. Jones has taken in

his life since his incarceration.

      The reason for their respective positions is not hard to understand.  To his credit, Mr.

Jones began rehabilitating himself while still incarcerated, taking advantage of vocational

opportunities while there by becoming a certified personal trainer and obtaining a certificate in

culinary arts.  *See* Doc. No. 249, at 5.  Upon his release from prison, Mr. Jones continued to take

advantage of vocational opportunities, having obtained certificates of completion in two different

training programs as well as a certificate of achievement from the City of New Haven Small

Business Academy.  *See id.*  While on supervised release, Mr. Jones has been just as committed

to working as he has been to training for employment.  He has become a licensed driver and

owns a fully registered and insured vehicle and started his own business, Sparklez Cleaning,

LLC.  *See id.*  By all accounts, Mr. Jones is not just working, but exceling at the work he has

been doing.  As John Massari, the Director of the Walter Brooks Halfway House in New Haven,

Connecticut, said:

> I had to terminate his employment in October of 2013.  Not because I wanted to.
> The program funding source, the CT Department of Correction required me to.
> Mr. Jones was and is still on supervised release, and because of that he was not
> eligible to work in this environment.  If I had the opportunity I would re-hire him
> immediately, he was that good.

Doc. No. 249-1, at 2.

Indeed, as this statement suggests, early termination of supervised release would

significantly expand Mr. Jones' employment opportunities.  Consequently, in furtherance of the

various goals of the section 3553 factors, Mr. Jones' motion for early termination should be

granted.

For similar as well as related reasons, the factors under 18 U.S.C. § 3583(e)(1), "the

conduct of the defendant released and the interest of justice," also warrant the granting of this

motion.  Mr. Jones' efforts at rehabilitation thus far are laudable, not just because he has been

seeking work, but also because of the type of work he has been both seeking and doing.  He has

distinguished himself as a community service volunteer with several organizations, helping

young people to avoid some of the bad choices he made in his life.  *See* Doc. No. 249-1, at 12-

18.  In addition, Mr. Jones' employment at the Walter Brooks Halfway House involved dealing

with clients directly released from incarceration.  *See* Doc. No. 249-1, at 2.  Finally, Mr. Jones

has demonstrated an understanding that his prior criminal life resulted in him missing valuable

and irretrievable time with his now adult son.  As he put it, "I enjoy spending time with my

family and friends as I get a chance to share photos, listen to stories, have dinner and embrace the love and affection that was missed for quite some time." Doc. No. 249, at 4. Hopefully, Mr. Jones will continue seeking rewarding work and finding the intangible rewards that come from being actively involved in the lives of family and friends.

Based on this record, the interests of justice are best served by Mr. Jones being allowed to continue to do good work, contributing his experience and time helping others to better their lives, as he has been striving to do himself, without continuing his term of supervised release much longer.

For all of the foregoing reasons, Mr. Jones's Motion for Early Termination of Supervised Release [Doc. No. 249] is GRANTED.

Mr. Jones' term of supervised release term shall end on June 30, 2016. Mr. Jones should make arrangements to meet with the United States Probation Office before June 30th in preparation for this early release date.

SO ORDERED at Bridgeport, Connecticut, this 31st day of May, 2016.


   /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge